### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>   PLAINTIFF,<br>v.<br><br>SUPERIOR ROOFING, INC., d/b/a, SUPERIOR ROOFING,<br><br>   DEFENDANT. | Case No. |

## COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor, brings this action, pursuant to § 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), to enjoin Defendant, Superior Roofing, Inc., d/b/a, Superior Roofing, from violating the provisions of §§ 6, 7, and 11 of the FLSA and to enjoin the continued withholding by Defendant of unpaid minimum wage and overtime compensation due to Defendant's employees.

**1**

Jurisdiction of this action is conferred upon the Court by § 17 of the FLSA, and by 28 U.S.C. § 1345.

**2**

Defendant is, and at all times hereinafter mentioned was, a Colorado corporation with its principal place of business at 14700 E. 39th Avenue, Aurora, Colorado 80011, within the jurisdiction of this Court and is, and at all times hereinafter mentioned was, engaged in the

installation of commercial and residential roofing systems in Colorado and other states.

3

Defendant's activities referenced in paragraph 2 were, and are, related and performed through unified operation or common control for a common business purpose, and Defendant at all times hereinafter mentioned was an enterprise within the meaning of § 3(r) of the FLSA.

4

Defendant at all times hereinafter mentioned was engaged in commerce or the production of goods for commerce within the meaning of § 3(s)(1)(A) of the FLSA in that said enterprise at all material times had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

5

Defendant has violated, and is violating, the provisions of §§ 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay to certain of its employees, for their employment in an enterprise engaged in commerce or the production of goods for commerce, wages at rates not less than the federal minimum wage since at least August 23, 2009. Defendant violated the FLSA's federal minimum wage requirement by requiring its employees to pay pre-employment tool costs, which reduced the employees' wages during the first workweek below minimum wage requirements. Defendant's H-2B nonimmigrant employees also incurred certain visa costs and inbound and outbound travel costs, which reduced such employees' wages during the first and/or last workweeks below minimum wage requirements.

6

Defendant has violated, and is violating, the provisions of §§ 7 and 15(a)(2) of the FLSA by employing certain of its employees in an enterprise engaged in commerce or in the production of goods for commerce, since at least August 23, 2009, without compensating said employees

overtime wages for their employment in excess of forty (40) hours in such workweeks. Specifically, Defendant violated the FLSA's overtime requirements by failing to pay its employees for waiting time at Defendant's shop location prior to receiving and/or departing for job assignments and for failing to pay at least the minimum wage rate to carpool drivers for drive time to certain job locations outside the normal commuting distance.

7

Defendant violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA in that it failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 CFR § 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed. Specifically, Defendant failed to keep accurate records of employees' waiting time and drive time as referenced in paragraph 6.

8

Defendants have violated and are violating the provisions of the FLSA as alleged in paragraphs 5, 6, and 7 above. A judgment permanently enjoining and restraining the violations herein alleged, is specifically authorized by § 17 of the FLSA.

9

As a result of the violations alleged in paragraphs 5, 6, and 7 above, amounts are owing from Defendant to certain of Defendant's present and former employees identified in Exhibit A, attached hereto, for the period from August 23, 2009 to August 22, 2011.

Inasmuch as the violations may be continuing, additional amounts are accruing for certain of these employees and for employees who are not presently known to Plaintiff in amounts presently unknown to Plaintiff from August 23, 2011 to the present.

A judgment permanently enjoining and restraining the violations herein alleged, including restraint of the continued withholding of unpaid minimum wage and overtime compensation due Defendant's employees is specifically authorized by § 17 of the FLSA.

**WHEREFORE**, cause having been shown:

Plaintiff prays for a judgment pursuant to § 17 of the FLSA, permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of §§ 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA, including the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the Court to be due Defendant's employees together with interest thereon from the dates when such amounts became due, and for such other and further relief as may be necessary and appropriate to effectuate the purposes of the FLSA.

Plaintiff further prays for the award of post-judgment interest as authorized by 28 U.S.C. § 1961 and for the recovery of the costs of this action.

Respectfully submitted,

M. Patricia Smith
Solicitor of Labor

James E. Culp
Regional Solicitor

John Rainwater
Associate Regional Solicitor

U.S. Department of Labor
Office of the Solicitor
1244 Speer Boulevard, Suite 515
Denver, CO  80204-3516
(303) 844-1745/1751
(303)844-1753 Facsimile           /s/Tyler P. McLeod_____
Mcleod.Tyler.P@dol.gov             Tyler P. McLeod
                                   Trial Attorney

                                   U.S. DEPARTMENT OF LABOR